**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THE WCRA LLP,<br><br>Plaintiff,<br>v.<br><br>WINDOWS101 LLC,<br><br>Defendant. | Case No. TO BE ASSIGNED |

**COMPLAINT**

Plaintiff The WCRA LLC ("WCRA" or "Plaintiff"), doing business as WindowCleaningResource.com, by and through its undersigned counsel, alleges as follows against defendant Windows101 LLC ("Defendant" or "Windows101"):

**NATURE OF THE CASE**

1. WCRA brings this action for (1) false designation of origin and unfair competition under the Lanham Act (15 U.S.C. § 1125(a)); (2) trademark infringement and unfair competition under the common law of the State of Illinois; and (3) violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS §§ 510/1 *et seq*.). WCRA seeks monetary relief as well as a permanent injunction requiring Defendant to cease its infringement of WCRA's trademark.

**PARTIES**

2. WCRA is a business entity organized and existing under the laws of the State of New Jersey. WCRA's principal place of business is located at 331 Route 94, South Warwick, New York 10990.

3. Upon information and belief, Defendant is a company organized and existing under the laws of the State of Washington. Upon information and belief, Defendant's principal place of business is located at 730 South Portland Street, Seattle, Washington 98108.

## JURISDICTION

4. This action arises under federal law, specifically the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because WCRA's claims arise under the Lanham Act and further because they constitute unfair competition claims. This Court has supplemental jurisdiction over WCRA's Illinois common law trademark infringement and unfair competition claim and WCRA's Illinois Uniform Deceptive Trade Practices Act claim pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because Defendant operates an interactive web site through which Defendant has marketed products bearing the infringing mark complained of herein to residents of Illinois and has otherwise directed its activity toward the residents of Illinois. Further, upon information and belief, Defendant has sold and shipped its infringing products to Illinois residents.

## FACTUAL ALLEGATIONS

### *WCRA and Its XERO Trademark*

6. WCRA has continuously engaged in the business of marketing and selling window cleaning systems, water fed poles, and trad poles throughout the United States since at least as early as 2013. Since 2013, WCRA has continuously used in interstate commerce the trademark XERO in connection with such marketing and sales activity.

7. A representative depiction of WCRA's use of its XERO mark is set forth below.



8. WCRA owns common law trademark rights in Illinois and in each of the other U.S. states by virtue of WCRA's continuous use in commerce of the mark XERO.

9. XERO is inherently distinctive when used in connection with the promotion and sale of window cleaning systems, water fed poles, and trad poles. The XERO mark identifies the products in connection with which the mark is used as goods generated by WCRA.

10. Through WCRA's long-standing, continuous use in commerce of XERO and many years of concerted efforts to promote its XERO mark, the consuming public has come to identify the XERO mark with WCRA.

11. WCRA's XERO mark has, therefore, acquired secondary meaning among the consuming public as an identifier of WCRA as the source of products bearing such mark.

12. WCRA has been using the XERO trademark in commerce continuously since long before Defendant began using any similar mark, including the HERO mark.

13. Throughout the period that WCRA has been using the XERO mark, WCRA has committed substantial resources, financial and otherwise, to developing a widely respected reputation in the window cleaning industry and to promoting products bearing the XERO mark.

14. Thus, before the acts complained of herein, members of the general consumer population as well as consumers of window cleaning products specifically, recognized the XERO mark as an exclusive source identifier for window cleaning systems, water fed poles, and trad poles (and related products) as originating from, sponsored by, and/or approved by WCRA.

15. WCRA has the exclusive right to use the XERO mark in interstate commerce in connection with the marketing, sale, and shipment of window cleaning systems, water fed poles, and trad poles.

16. WCRA's use of the XERO mark has been exclusive since it first adopted the XERO mark, with the exception of unauthorized uses such as those by Defendant giving rise to this action.

17. WCRA's XERO trademark is valid and subsisting and remains in full force and effect.

18. WCRA has widely advertised, marketed, and otherwise promoted goods under its XERO mark in a wide range of advertising media, including both print and on-line media, to cultivate and build the strength and consumer recognition of said mark.

19. WCRA has achieved significant success in selling products bearing the XERO mark.

20. WCRA has built a valuable reputation and significant goodwill among consumers.

*Windows101's Infringement of WCRA's Trademark Rights in the XERO Mark*

21. Defendant has used and continues to use the mark HERO in connection with the advertising, offering for sale, selling, and shipping of products highly related to those promoted

and sold by WCRA under the XERO mark. Such use by Defendant began after WCRA's adoption of the XERO mark.

22. On or around May 18, 2021, WCRA's counsel sent written correspondence to Defendant putting Defendant on notice of its infringing activity involving Defendant's HERO products.

23. Defendant subsequently confirmed receipt of WCRA's letter. Defendant has not, however, offered any substantive response to (i) the trademark infringement allegations contained in the letter, (ii) WCRA's demands that Defendant immediately cease and permanently desist from its use of the HERO mark and all other marks confusingly similar to WCRA's XERO mark, and (iii) to WCRA's proposal to amicably resolve this dispute.

24. Defendant has never been authorized to use XERO or any other marks confusingly similar to XERO, including but not limited to HERO, in connection with its goods; nor has Defendant ever been affiliated with WCRA.

25. The HERO mark is confusingly similar to WCRA's XERO mark.

26. Defendant's use of HERO in connection with the promotion and sale of window cleaning systems, water fed poles, trad poles, and/or other related products is likely to cause confusion, mistake, and deception such that members of the public, including but not limited to, specifically, purchasers of window cleaning systems, water fed poles, trad poles, and/or related products, are likely to be confused as to whether there exists an affiliation, connection, and/or relationship between WCRA and Defendant, and confused into believing that Defendant's goods are endorsed by, sponsored by, and/or affiliated with WCRA, when they are not.

27. WCRA seeks permanent injunctive relief to stop the irreparable harm being caused by Defendant's promotion and sale of window cleaning systems, water fed poles, trad poles, and

other related products using the HERO mark in a manner that infringes upon WCRA's rights in the XERO mark.

28. Without an injunction, Defendant will continue to promote products using the HERO mark in a manner that infringes WCRA's trademark rights in the XERO mark. The harm being caused by Defendant's unlawful conduct is not fully compensable by monetary damages.

**COUNT I**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**
**UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))**

29. WCRA repeats and incorporates herein by reference in their entirety each and every allegation set forth above.

30. Defendant's acts as alleged herein constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. Defendant's acts as alleged herein, including but not limited to its use of the HERO mark, are likely to cause confusion, mistake, and/or deception as to affiliation, connection, or association of Defendant or Defendant's products, with WCRA or WCRA's products bearing the XERO mark, or as to the sponsorship or approval of Defendant's goods, services, and/or commercial activities by WCRA.

32. Defendant's actions further misrepresent the nature, characteristics, and qualities of Defendant's goods, services, and commercial activities.

33. WCRA has no adequate remedy at law for the foregoing wrongful conduct of Defendant, in that (i) Defendant's actions damage and threaten to continue to damage WCRA's unique and valuable property, injury to which cannot be adequately compensated by monetary compensation; (ii) the damages to WCRA from Defendant's wrongful actions are not precisely and fully ascertainable; (iii) the wrongful actions of Defendant injure and threaten to continue to

injure WCRA's business reputation and goodwill in the marketplace; and (iv) the damage resulting to WCRA from Defendant's wrongful conduct, and the conduct itself, are continuing.

34. Unless Defendant's actions are restrained, WCRA will continue to suffer irreparable injury.

35. WCRA is entitled to recover all forms of monetary relief provided for under the Lanham Act, including, without limitation, actual damages and disgorgement of Defendant's ill-gotten profits.

36. This action constitutes an exceptional case thereby entitling WCRA to its reasonable attorneys' fees and costs incurred in connection with this matter.

**PRAYER FOR RELIEF**

WHEREFORE WCRA requests that the Court enter an Order:

(1) Entering judgment in favor of WCRA with respect to Claim I;

(2) Ordering that Defendant account for and pay to WCRA all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and further ordering that the amount of damages be increased by a sum not exceeding the statutory limit;

(3) Awarding WCRA its actual damages caused by Defendant's unlawful acts as alleged herein;

(4) Awarding WCRA its costs and reasonable attorneys' fees;

(5) Awarding WCRA both pre-judgment and post-judgment interest; and

(6) Such other and further relief as this Court finds just and equitable.

**COUNT II**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**UNDER ILLINOIS COMMON LAW**

37. WCRA repeats and incorporates herein by reference in their entirety each and every allegation set forth above.

38. Defendant's actions and conduct as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendant with WCRA, and to the origin of Defendant's goods, and WCRA's apparent sponsorship or approval of Defendant's goods.

39. Defendant's unauthorized actions and conduct, including its use of the mark HERO in commerce, constitute direct infringements of WCRA's trademark rights in the mark HERO in violation of Illinois common law.

40. Defendant's unauthorized actions and conduct as alleged herein constitute unfair competition under Illinois common law.

41. Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to WCRA, including but not limited to injury to WCRA's goodwill and business reputation.

42. WCRA has suffered, is suffering, and will continue to suffer irreparable injury for which WCRA has no adequate remedy at law. WCRA is, therefore, entitled to a permanent injunction against further infringing conduct by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE WCRA requests that the Court enter an Order:

(1) Entering judgment in favor of WCRA with respect to Claim II;

(2) Awarding WCRA compensatory damages caused by Defendant's unlawful acts as alleged herein;

(3) Awarding WCRA exemplary or punitive damages;

 (4)  Awarding WCRA its costs and reasonable attorneys' fees;

 (5)  Awarding WCRA both pre-judgment and post-judgment interest; and

 (6)  Such other and further relief as this Court finds just and equitable.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

 43. WCRA repeats and incorporates herein by reference in their entirety each and every allegation set forth above.

 44. Defendant has knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq*. by causing a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the Parties' respective products; causing a likelihood of confusion or of misunderstanding as to affiliation, connection, or association of Defendant or its products with WCRA or its products; and using deceptive representations or designations of origin in connection with Defendant's products.

 45. The unauthorized use by Defendant of the HERO mark, and/or of other marks confusingly similar to WCRA's XERO mark, is causing and is likely to continue to cause substantial injury to the public and to WCRA, and WCRA has no adequate remedy at law for this injury. WCRA is entitled to injunctive relief and to an award of its costs and attorneys' fees under 815 ILCS § 510/3.

## PRAYER FOR RELIEF

WHEREFORE WCRA requests that the Court enter an Order:

 (1)  Entering judgment in favor of WCRA with respect to Claim III;

 (2)  Awarding WCRA compensatory damages caused by Defendant's unlawful acts as alleged herein;

 (3)  Awarding WCRA exemplary or punitive damages;

(4) Awarding WCRA its costs and reasonable attorneys' fees;

(5) Awarding WCRA both pre-judgment and post-judgment interest; and

(6) Such other and further relief as this Court finds just and equitable.

**DEMAND FOR JURY TRIAL**

WCRA hereby demands a jury trial in this action for all issues so triable.

Date: October 24, 2021

Respectfully Submitted,

/s/ Theodore J. Chiacchio
Theodore J. Chiacchio
**CHIACCHIO IP, LLC**
307 North Michigan Ave., Ste. 2011
Chicago, IL 60601
Tel: (312) 919-2719
Email: tchiacchio@chiacchioip.com

*Counsel for WCRA*